UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL H. GONZALEZ,<br><br>Plaintiff,<br><br>v.<br><br>DR. DAVID G. SMITH, et al.,<br><br>Defendants. | **CASE No. 1:16-cv-999- MJS (PC)**<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>**(ECF NO. 1)**<br><br>**THIRTY-DAY DEADLINE** |

Plaintiff is a state prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to the jurisdiction of the undersigned. (ECF No. 6.) Plaintiff's complaint is before the Court for screening.

**I.   Screening Requirement**

The in forma pauperis statute provides, "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

**II.     Pleading Standard**

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

**III.    Plaintiff's Allegations**

Plaintiff, who at all relevant times was an inmate housed at California Substance Abuse Treatment Facility ("CSATF") in Corcoran, California, brings suit against Defendants Dr. David G. Smith, Dr. Nastran Hashemi, Dr. Godwin Ugwuaze, and John and Jane Does 1 to 3.

Plaintiff's claims can be summarized as follows:

Plaintiff suffers from a compound fracture in his right shoulder in need of metal plating. Defendant Dr. Smith of the Delano Regency Hospital in Delano, California, did not know how to perform a surgery with metal plates, so instead he performed a surgery with pins and, when that did not resolve the problem, performed a second surgery with wire. These failed operations resulted in further injury and pain to Plaintiff.

When Dr. Smith sought to schedule a third surgery, Defendant Dr. Ugwuaze, the CSATF Chief Medical Officer, initially denied the request on May 8, 2015, on the grounds that the two previous surgeries were unsuccessful, that only metal plating would help Plaintiff, and that only a shoulder specialist at University of California, Davis should perform the surgery. However, on October 23, 2015, Dr. Ugwuaze approved the third surgery involving the use of tape.

On December 4, 2015, Dr. Smith performed a third surgery involving tape. Defendants John and Jane Does 1 to 3, identified collectively as physical therapists and nurses, refused to change Plaintiff's dressing following this surgery, resulting in a wound infection on December 8, 2015.

When Plaintiff's infection cleared, Dr. Smith and the Prison G Yard doctor, Defendant Dr. Hashemi, forced Plaintiff into physical therapy on February 17, 2016. John and Jane Does 1 to 3, again identified collectively, forced Plaintiff to participate in physical therapy despite Plaintiff's complaints of excruciating pain. These therapy sessions resulted in a rupture of the third surgery repairs.

Dr. Smith ordered narcotics for Plaintiff's pain, but Dr. Hashemi refused to administer adequate pain medication. Plaintiff admits, though, that he is receiving one Tylenol, one Trileptal and one Elavil daily before bedtime.

On June 30, 2016, Plaintiff met with a shoulder specialist and is scheduled for a fourth surgery on his right shoulder to involve metal plates.

**IV.    Analysis**

    **A.    Linkage**

Plaintiff claims that the John and Jane Doe Defendants, collectively, refused to change his dressing following the third shoulder surgery and also forced him to participate in physical therapy despite Plaintiff experiencing excruciating pain. Plaintiff does not, however, link the specific Doe Defendants with the specific complained-of conduct. Under § 1983, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of hers rights. Iqbal, 556 U.S. 662, 676-77 (2009); Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff must allege specific facts identifying the role of each Defendant—not a collective group of Defendants—in the violation of his rights. If Plaintiff chooses to file an amended complaint, he must link each Doe Defendant to his claim.

    **B.    Eleventh Amendment Immunity**

Plaintiff does not clarify whether he is bringing suit against the Defendants in their official capacities. In the event that he is, Plaintiff's claim for damages is barred. "The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials in their official capacities." Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007) (citations omitted). However, the Eleventh Amendment does not bar suits seeking damages against state officials in their personal capacities, Hafer v. Melo, 502 U.S. 21, 30 (1991); Porter v. Jones, 319 F.3d 483, 491 (9th Cir. 2003), or suits for declaratory or injunctive relief brought against state officials in their official capacities, Austin v. State Indus. Ins. System, 939 F.2d 676, 680 fn.2 (9th Cir. 1991).

    **C.    Eighth Amendment Medical Indifference**

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer

4

v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment "...embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976). Conditions of confinement may, however, be harsh and restrictive. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986).

A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.

Deliberate indifference to a prisoner's serious illness or injury, or risks of serious injury or illness, gives rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 105; see also Farmer, 511 U.S. at 837. This applies to physical as well as dental and mental health needs. See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982). An injury or illness is sufficiently serious if the failure to treat a prisoner's condition could result in further significant injury or the "...unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994). Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily activities; and (3) whether the condition is chronic and accompanied by substantial pain. See Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

The requirement of deliberate indifference is less stringent in medical needs cases than in other Eighth Amendment contexts because the responsibility to provide inmates with medical care does not generally conflict with competing penological concerns. See McGuckin, 974 F.2d at 1060. Thus, deference need not be given to the

judgment of prison officials as to decisions concerning medical needs. See <u>Hunt v. Dental Dep't</u>, 865 F.2d 198, 200 (9th Cir. 1989). The complete denial of medical attention may constitute deliberate indifference. See <u>Toussaint v. McCarthy</u>, 801 F.2d 1080, 1111 (9th Cir. 1986).

Delay in providing medical treatment, or interference with medical treatment, may also constitute deliberate indifference. See <u>Lopez</u>, 203 F.3d at 1131. Where delay is alleged, however, the prisoner must also demonstrate that the delay led to further injury. See <u>McGuckin</u>, 974 F.2d at 1060.

The Court first considers Plaintiff's allegations as to Dr. Smith. Plaintiff contends that this doctor performed three surgeries on Plaintiff's right shoulder even though he lacked the medical expertise to perform the one surgery necessary to resolve Plaintiff's shoulder problem. This allegation, which challenges Dr. Smith's medical judgment, is insufficient to establish an Eighth Amendment claim. <u>Estelle</u>, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). Plaintiff also claims that Dr. Smith directed Plaintiff to participate in physical therapy, but Smith delayed the physical therapy for nearly two months after the third surgery. As pled, this claim simply demonstrates Plaintiff's disagreement with the appropriate course of treatment for his shoulder injury, and it is well-established that a difference of opinion between the prisoner and medical providers concerning the appropriate course of treatment does not give rise to an Eighth Amendment claim. See <u>Jackson v. McIntosh</u>, 90 F.3d 330, 332 (9th Cir. 1996). Accordingly, the Court concludes that Plaintiff fails to state a claim against Dr. Smith.

Similarly, the alleged fact that Dr. Ugwuaze initially denied and then later approved a third surgery fails to state a claim. Again, such allegations merely question Dr. Ugwuaze's medical judgment; they do not suggest that he acted with deliberate indifference. Plaintiff's claim against this Defendant will therefore be dismissed.

Plaintiff's allegations against Dr. Hashemi are also insufficient. Plaintiff first alleges that Dr. Hashemi, along with Dr. Smith, directed Plaintiff to participate in physical

therapy following a two months period of recovery from the third shoulder surgery. This claim fails for the reasons mentioned supra. Plaintiff next accuses Dr. Hashemi of refusing to administer "adequate" pain medication. Though Plaintiff is receiving Tylenol on a daily basis, he contends that he should be receiving a narcotic, as prescribed by a "shoulder specialist" Dr. Smith. Plaintiff's failure, however, to allege that Dr. Hashemi was aware of the ineffectiveness of the Tylenol for Plaintiff's pain, was able to prescribe the narcotic recommended by Dr. Smith, and refused to prescribe it renders this claim deficient.

## V.   Conclusion

Based on the foregoing, the Court finds that Plaintiff fails to state a claim against any of the named Defendants. Plaintiff will, however, be granted leave to amend. If Plaintiff files a first amended complaint, it must state what each named Defendant did that led to the deprivation of his constitutional rights. Iqbal, 556 U.S. at 676-77. Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an "amended complaint supersedes the original" complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once an amended complaint is filed, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief.  Fed. R. Civ. P. 8(a).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's July 12, 2016, Complaint (ECF No. 1) is dismissed for failure to state a claim;

2. Plaintiff shall file a First Amended Complaint within thirty days from the date of this Order; and

3. Plaintiff's failure to file an amended complaint within thirty days will result in a recommendation that this action be dismissed without prejudice for failure to prosecute and failure to comply with a court order.

IT IS SO ORDERED.

Dated: September 29, 2016          /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE